# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6834 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Rafael Perez Rodriguez (#40282-424) vs. Peter Berlanga | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied, with leave to renew. Count II of the complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff is granted thirty days in which to: (1) either file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee; and (2) show good cause in writing why Count I of the complaint should not be dismissed as time-barred. Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case in its entirety. The clerk is directed to send the plaintiff an *in forma pauperis* application along with a copy of this order.

■ [**For further details see text below.**]                                                                 **Docketing to mail notices.**

---

### STATEMENT

The plaintiff, a federal prisoner, has submitted a two-count, *pro se* civil complaint purportedly pursuant to 28 U.S.C. § 1331 and 1546(A) (a repealed statute). The plaintiff claims that the defendant, a notary public in Hammond, Indiana, extorted money from the plaintiff in 1990 and falsely testified against the plaintiff at his criminal trial in 2009.

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from April 22, 2010, through October 22, 2010]. A prison official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form **(CONTINUED)**

mjm

fully or to otherwise comply with this order will result in dismissal of the suit.  *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Count II of the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Although the plaintiff indicates that he was tried in the U.S. District Court for the Northern District of Illinois, the court is unable to find the criminal case based on the information provided by the plaintiff.  But irrespective of whether venue is proper in this court or in the Northern District of Indiana, *see* 28 U.S.C. § 94(a)(3), the plaintiff has no viable claim regarding the defendant's alleged false testimony.  Witnesses enjoy absolute immunity from civil liability on account of their testimony.  *See, e.g., Newsome v. McCabe*, 319 F.3d 301, 304 (7th Cir. 2003), *citing Briscoe v. LaHue*, 460 U.S. 325 (1983).  The plaintiff cannot sue the defendant for falsely testifying against him.

In addition, the plaintiff is ordered to show good cause in writing why Count I should not be dismissed as time-barred.  There is a two-year statute of limitations for personal-injury actions in Indiana.  *See Bedree v. Bedree*, — F.3d —, 2010 WL 3927655, *2 (7th Cir. Oct. 1, 2010); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); Ind. Code § 34-11-2-4.  Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."  *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).  In the case at bar, the plaintiff is suing over alleged misconduct that occurred in 1990, some twenty years ago.  Accordingly, the plaintiff is ordered to show good cause in writing why the remaining count should not be dismissed as untimely.

In sum, if after considering the provisions of the Prison Litigation Reform Act the plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) show good cause in writing why Count I should not be dismissed as untimely.  If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case, on the understanding that plaintiff does not wish to pursue this lawsuit.