Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6834 | **DATE** | 12/22/2010 |
| **CASE TITLE** | Rafael Perez Rodriguez (#40282-424) vs. Peter Berlanga | | |

**DOCKET ENTRY TEXT:**

Count I is dismissed is on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) as time-barred. The case is dismissed in its entirety. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]

**Docketing to mail notices.**
*Mail AO 450 Form.

## STATEMENT

The plaintiff, a federal prisoner, has submitted a two-count, *pro se* civil complaint purportedly pursuant to 28 U.S.C. § 1331 and 1546(A) (a repealed statute). The plaintiff claims that the defendant, a notary public in Hammond, Indiana, extorted money from the plaintiff in 1990 and falsely testified against the plaintiff at his Illinois criminal trial in 2009.

By Minute Order of November 2, 2010, the court summarily dismissed Count II of the complaint on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and ordered the plaintiff to: (1) either file a properly completed *in forma pauperis* application or pay the full $350 filing fee; and (2) show good cause in writing why Count I of the complaint should not be dismissed as time-barred. Having considered the plaintiff's response, the court remains satisfied that the complaint is untimely or, in the alternative, must be dismissed as *Heck*-barred.

As discussed in the court's Minute Order of November 2, 2010, there is a two-year statute of limitations for personal injury actions in Indiana. *See Bedree v. Bedree*, ___ F.3d ___, 2010 WL 3927655, *2 (7th Cir. Oct. 1, 2010); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); Ind. Code § 34-11-2-4. The statute of limitations for personal injury actions in Illinois is likewise two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).  Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The plaintiff contends that "[o]n or about June, 1990, the Defendant and each of them, did conspire, and confederate together and with divers (sic), the identity of whom are unknown at this time to extort the Plaintiff for money, in violation of federal laws."  Throughout Count I, the plaintiff uses the word "extortion."  If the plaintiff is alleging that the defendant was wringing money from him through threats and intimidation, then the plaintiff cannot reasonably argue that he was unaware of the blackmail.  The plaintiff is not entitled to equitable tolling, having waited some twenty years to bring suit.

The plaintiff's assertion that he did not discover the defendant's wrongdoing until November 2008 is without merit.  The court does not understand the plaintiff's argument that he became aware of the defendant's misconduct only after he was charged with having committed criminal offenses.  Notably, the criminal complaint and indictment charged the plaintiff with having committed fraud in 2005 and 2007, respectively.  *See United States v. Perez-Rodriguez*, Case No. 08 CR 0351 (N.D. Ill.), document no. 1 (Complaint); document no. 16 (Indictment).
A superseding indictment charged the plaintiff with further acts of fraud between 2001 and 2005.  *See* document no. 43, Superseding Indictment.

If, rather than extortion, the plaintiff is now claiming that he was an innocent victim and that the defendant was somehow responsible for the acts of fraud and identity theft, then his claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck* at 484.  Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck* at 490.  [The court recognizes that this case is not technically a civil rights action; however, the same considerations apply.]

The court's docket reflects that the plaintiff was ultimately convicted of wire fraud, making a false statement in application and use of a passport, aggravated identity theft, and identification document fraud. *See United States v. Perez-Rodriguez*, Case No. 08 CR 0351, document no. 97 (Judgment in a Criminal Case).  A finding that the defendant was the actual person responsible for the forged documents would necessarily call into question the validity of the plaintiff's underlying criminal conviction.

For the foregoing reasons, Count I is dismissed for failure to state a claim upon which relief may be granted.  The case is dismissed in its entirety.  The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).
**(CONTINUED)**

| STATEMENT  (continued) |
|---|

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."